# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MARCUS MAXWELL                                                           PLAINTIFF

V.                                                           NO. 4:18-CV-154-DMB-RP

WASHINGTON COUNTY, MISSISSIPPI                          DEFENDANT

## ORDER

On October 1, 2019, this Court issued an Opinion and Order granting Washington County, Mississippi's motion for summary judgment and dismissing Marcus Maxwell's claims in this case. Doc. #41. A final judgment was entered accordingly the same day. Doc. #42. On October 29, 2019, Maxwell filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Doc. #43. The motion is fully briefed. Docs. #45, #47.

## I
## Motion for Reconsideration Standard

Federal Rule of Civil Procedure 59(e) authorizes the filing of a "[a] motion to alter or amend a judgment … no later than 28 days after the entry of the judgment." "To be granted, a Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence that was not available before the judgment issued." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018) (quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

## II
## Analysis

In its Opinion and Order, the Court found no genuine issue of material fact as to Maxwell's claim for failure to accommodate under the Americans with Disabilities Act. *See* Doc. #41 at 6–

9. Specifically, the Court found that Maxwell's proposed reasonable accommodation—a transfer to a position formerly held by Walsh Wigfall—was not reasonable because at the time of Maxwell's termination in June, Wigfall was on Family Medical Leave Act leave and because Maxwell could not show the County knew Wigfall would not return. *Id.* at 8–9. In reaching this conclusion, the Court relied primarily on the deposition testimony of Keona Jackson, a County human resources representative who interacted with Wigfall during his FMLA leave. *Id.* at 5, 7–8.

Maxwell's memorandum supporting his motion for reconsideration is approximately three pages and includes no authority beyond a citation to the general standard governing reconsideration. *See* Doc. #44. Maxwell argues the Court erred by (1) relying on Jackson's testimony, and (2) failing to reference the "testimony" of Wigfall. *Id.* at 2–3.

### A. Jackson's Testimony

Maxwell contends that the Court should not have relied on Jackson's testimony because she was an employee of the County and thus biased, the County had previously objected to Jackson's testimony on hearsay and vagueness grounds, and "a jury could determine Ms. Jackson's testimony [was] not worthy of credence as she contradicted herself." *Id.* at 3–4. Each contention is without merit.

First, while it is true that the testimony of "interested" witnesses may not support a grant of summary judgment, the Fifth Circuit has rejected the precise argument advanced by Maxwell, holding that "[t]he definition of an interested witness cannot be so broad as to require [a court] to disregard testimony from a company's agents regarding the company's reasons for discharging an employee." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 898 (5th Cir. 2002).

Second, Maxwell has offered no argument or authority supporting his contention that a

court may not rely on otherwise admissible[1] evidence objected to by one party to grant summary judgment in favor of the party. Even if this were the rule, which it likely is not, Maxwell would not be entitled to relief because the portions of Jackson's testimony objected to by the County, which concerned an alleged job offer to Maxwell, were not relied on by the Court in deciding the summary judgment issues, which considered only Jackson's testimony regarding Wigfall. *Compare* Doc. #36 at 13 (objection) *with* Doc. #41 at 4–5 (opinion).

Finally, Maxwell contends that "[o]n top of being biased, a jury could determine Ms. Jackson's testimony not worthy of credence as she contradicted herself." Doc. #44 at 2. A court may not grant summary judgment on the basis of testimony if "questions about the credibility of [the] witness[] loom large and the evidence could permit the trier-of-fact to treat their testimony with skeptical scrutiny." *Deville v. Marcantel*, 567 F.3d 156, 165 (5th Cir. 2009) (quotation marks omitted). However, "conclusional allegations that a witness lacks credibility" will not preclude reliance on a witness' testimony. *Id.*

Maxwell argues that at one point in her deposition, Jackson testified that the County knew in March that Wigfall would not be returning. Doc. #44 at 2. Maxwell also submits that parts of Jackson's testimony included details not mentioned in an answer to a question about Wigfall's employment status during testimony at Wigfall's unemployment benefits hearing. *Id.*

To the extent Jackson's administrative hearing testimony, which Maxwell attached to his motion for reconsideration,[2] was indisputably available prior to judgment in this case, Maxwell

---

[1] Maxwell did not challenge earlier, and has not challenged now, the admissibility of the portions of Jackson's testimony relied on by the Court. Though the testimony relied on out-of-court statements, such statements were not introduced for the truth of the matter asserted but to show the knowledge of the County's agents. *See In re Morrison*, 555 F.3d 473, 483 (5th Cir. 2009) ("Testimony offered to prove that the party had knowledge or notice is not hearsay because the value of the statement does not rest upon the declarant's credibility and, therefore, is not subject to attack as hearsay.") (quotation marks omitted).

[2] Doc. #44-1.

may not rely on it now. *See* Fed. R. Civ. P. 59(e). Furthermore, while it is true Jackson initially testified during her deposition in this case that she knew in March that Wigfall would not return to work, she repeatedly disavowed this comment during the same deposition. *See* Doc. #35-3 at 18, 21. Maxwell cites no authority which supports the proposition that a misstatement, later corrected in the same deposition, renders the witness incredible for the purpose of summary judgment. Relevant authority suggests such is not the rule in the Fifth Circuit.

In *Burton v. Freescale Semiconductor, Inc.*, the Fifth Circuit noted that it has found summary judgment inappropriate based on a *combination* of discrepancies in the witness' testimony, "shifting recollections," and conflicting evidence. 798 F.3d 222, 235 (5th Cir. 2015) (citing *Gee v. Principi*, 289 F.3d 342 (5th Cir. 2002)). Consistent with this approach, the *Burton* court found incredible for summary judgment purposes the testimony of two witnesses who "both told changing stories" which, "[e]ven after changing … remain[ed] in conflict." *Id*. at 235. In analyzing the credibility issue, the Fifth Circuit specifically noted that the testimony of one of the witnesses changed only after a "break in the deposition …." *Id*.

If a shifting recollection alone rendered a witness incredible, the internal inconsistencies and conflict with other evidence mentioned by the *Burton* court would have been irrelevant to the credibility inquiry. Rather, it stands to reason that a shifting recollection is just one factor to consider in the ultimate inquiry of whether "questions about the credibility of [the] witness[] loom large and the evidence could permit the trier-of-fact to treat their testimony with skeptical scrutiny." *Deville*, 567 F.3d at 165 (quotation marks omitted).[3] This approach is both consistent with the *Burton* analytical structure and avoids embracing a rule which would turn every slip of

---

[3] *But see Mest v. Cabot Corp.*, 449 F.3d 502, 514 (3d Cir. 2006) (genuine issue of material fact found based on in-deposition retraction).

4

the tongue into a genuine issue of material fact.

Here, while it is true Jackson changed her testimony, she did not do so after a break in the deposition. Rather, shortly after making the initial statement, she clarified after additional questioning that March was the date Wigfall erroneously went to the unemployment office because he thought he was terminated but that the County was "still under the impression that he was coming back and everything was going to be okay …." Doc. #35-3 at 18–21. Maxwell has pointed to no internal inconsistencies in Jackson's testimony, as corrected. Furthermore, Jackson's testimony is consistent with the remainder of the summary judgment record, which shows that Wigfall remained employed with the County until July. Under these circumstances, the Court concludes that it did not err in relying on Jackson's deposition testimony.

### B. Wigfall's Affidavit

Maxwell also asserts the Court erred in failing to "reference" a statement in an affidavit of Wigfall which said that in April of 2017, "it was clear to myself and Defendant that [he] was not going to be able to continue employment since [he] could not afford to pay for the $500 shoes and was not willing to go through surgery …." Doc. # 37-1. Contrary to Maxwell's contention, this Court recited in detail the contents of Wigfall's affidavit but determined there was no record evidence supporting the conclusory statement that it was "clear" he would not return based on his inability to pay for shoes because "[t]he undisputed evidence shows that even after his denial of unemployment benefits, Wigfall willingly remained on FMLA leave and engaged in regular conversations with County employees regarding his treatment" during which he "refused to give County officials a definitive answer on whether he would return." *See* Doc. #41 at 4–5, 7–8. This was not error. *See Koerner*, 910 F.3d at 227 ("[A] vague or conclusory affidavit without more is insufficient to create a genuine issue of material fact in the face of conflicting probative evidence.")

(alterations omitted).

## III
## Conclusion

Maxwell's motion for reconsideration [43] is **DENIED**.


**SO ORDERED**, this 6th day of December, 2019.

                                             **/s/Debra M. Brown**
                                             **UNITED STATES DISTRICT JUDGE**